UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Richard Hodges, K57184, Petitioner, | |
| v. | Case No. 22 C 4205 |
| Charles Truitt, Warden, Respondent. | Judge Mary M. Rowland |

## MEMORANDUM AND OPINION ORDER

Petitioner Richard Hodges, a prisoner at Stateville Correctional Center, brings a *pro se* petition under 28 U.S.C. § 2254 challenging his conviction for first degree murder, aggravated discharge of a firearm, and unlawful use of a weapon. Respondent Charles Truitt, Warden of Stateville Correctional Center, opposes the petition. For the following reasons, the Court grants Respondent's motion to dismiss [12] and dismisses Petitioner's § 2254 petition [1, 7] as untimely.

## Background & Procedural History

When addressing a Section 2254 petition, federal courts "take facts from the Illinois Appellate Court's opinions because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. 2254(e)(1)). The facts herein largely come from the appellate court's April 2020 order in Petitioner's appeal. *See* [13], Exh. 2.[1]

---

[1] State Court Record for Richard Hodges [13], Exh. 2; *see also People v. Hodges*, 31 N.E.3d 770 (Ill. 2015); *People v. Hodges*, 2020 IL App (1st) 170566-U (1st Dist. 2020).

After his trial, a jury in Cook County found Hodges guilty of first degree murder, aggravated discharge of a firearm, and unlawful use of weapon by a felon in connection with the death of Christopher Pitts in 2001. The trial court sentenced him to an aggregate term of 70 years in prison. On direct review, the Illinois Appellate Court affirmed Petitioner's sentence, and the Illinois Supreme Court subsequently denied Petitioner's petition for leave to appeal. Hodges did not file a petition for a writ of certiorari to the United States Supreme Court. In January 2006, Hodges filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq*. The trial court dismissed that petition following two rounds of appeal and an evidentiary hearing. On April 17, 2020, the Illinois appellate court affirmed the trial court's denial of Hodges' post-conviction relief, and denied Hodges' timely petition for rehearing on June 15, 2020. [13], Exh. 3.[2] Hodges thereafter moved for leave to file a late petition for leave to appeal (PLA) with the Illinois Supreme Court, alleging that he did not learn of the appellate court's order denying rehearing until April 28, 2021, which the court denied on January 25, 2022. *Id.*, Exhs. 4, 6.

On August 9, 2022, Hodges filed his Section 2254 habeas petition in this Court. [1]. In his petition, Hodges raises the following claims: (1) ineffective assistance of counsel, (2) two due process claims premised on the prosecution's alleged use of perjured testimony before a grand jury; and (3) misreading of a witness's prior written statement to the jury trial. [7]. In response, Respondent argues that the Court should dismiss Hodges' petition with prejudice as untimely based on the one-year statute of

---

[2] [13], Exh. 3: Order Denying Rehearing, *People v. Hodges,* No. 1-17-0566.

limitations in 28 U.S.C. § 2244(d) and decline to issue a certificate of appealability. [12]. In this case, the issue of timeliness is dispositive.

## Discussion

### A. One Year Limitation Period

Under 28 U.S.C. § 2244(d), a "1-year limitation period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," which usually runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 "serves the well-recognized interest in the finality of state court judgments," and reduces "the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker,* 533 U.S. 167 (2001); *see also Zack v. Tucker*, 704 F.3d 917 (11th Cir. 2013).

### B. Petitioner Failed to Timely File His Petition

The Court agrees with the Respondent that Hodges' petition in this case was not timely under 28 U.S.C. § 2244(d). As Respondent explains, the limitations period was tolled until April 17, 2020, when the Illinois Appellate Court affirmed the denial of Hodges' postconviction relief. The statute of limitations then began running, and Hodges had one year, until April 17, 2021, to file a timely habeas petition. He did not file his petition until August 9, 2022.

Hodges contends that he did not receive notice of the Illinois Appellate Court's order denying his rehearing petition until April 28, 2021. [16] at 4; [13], Exh. 4 at 3.[3] Respondent counters that even accepting this date as being the operative date to trigger the one-year deadline, Hodges was not prevented from timely filing a §2244 petition since he had until April 28, 2022 to do so. [12] at 5-6.

It is clear that Hodges filed his petition outside of the one-year period, so the Court considers whether it can excuse compliance with the limitations period based on the doctrine of equitable tolling. *See Holland v. Florida,* 130 S.Ct. 2549, 2560-64 (2010). To take advantage of equitable tolling, Hodges must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014); *see also Carpenter v. Douma*, 840 F.3d 867, 872 (7th Cir. 2016). The "extraordinary-circumstance prong is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond his control." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (cleaned up). "Equitable tolling is a remedy reserved for the exceptional case and is therefore rarely granted." *Conner v. Reagle*, No. 22-1780, 2023 WL 5920269, at *7 (7th Cir. Sept. 12, 2023).

Respondent argues that the record does not suggest that Hodges has been pursuing his rights diligently or that any extraordinary circumstance prevented him from complying with the limitations period. [12]. In his response brief [16], Hodges relies on equitable tolling, asserting that "all circumstances" were "totally out of his

---

[3] Petr. Mot. for Leave to File Late PLA., *People v. Hodges*, No. M14691 (Ill.) (Exh. 4).

4

control." [16] at 1. He acknowledges that "it may be true" that his time started running on April 17, 2020. [16 at 2]. He explains that around that time he was trying to contact the Illinois appellate court's office, and the Covid pandemic resulted in court closures. Once he finally received a copy of the court order on April 28, 2021, he explains that he had some trouble accessing files and limited access to the law library.

But this not explain the delay in filing for approximately fifteen months after April 2021. First, Hodges "could have filed a protective habeas corpus petition," but did not. *United States ex rel. Dugar v. Rednour,* No. 10 C 2085, 2010 WL 2976177, at *2 (N.D. Ill. July 23, 2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)); *see also Yeoman v. Pollard,* No. 14-CV-225, 2015 WL 13685381, at *1 (E.D. Wis. Oct. 19, 2015). And Hodges' general arguments about limited access to the legal library or the time it took to access certain files does not constitute an extraordinary circumstance. *See Lawrence v. Fla.,* 549 U.S. 327 (2007); *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008); *Bodley v. Ott,* No. 11 C 8137, 2012 WL 773716, at *3 (N.D.Ill. Mar. 8, 2012). Even assuming the veracity of Hodges' statements, this does not meet his burden to show the delay arose from an extraordinary circumstance outside of his control in this case. *See Tucker*, 538 F.3d at 735 ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling."). Therefore Hodges has not met his burden to establish that this is the rare occasion where an "extraordinary circumstance" prevented his filing in a timely manner. *Famous v. Fuchs,* 38 F.4th 625, 634 (7th Cir. 2022), cert. denied, 143 S. Ct. 794, 215 L. Ed. 2d 58 (2023).

Thus, Hodges is not entitled to equitable tolling of the limitations period for filing his habeas petition. As a result, Hodges' petition is dismissed with prejudice as untimely. *See Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005) (dismissal of habeas petition as untimely with prejudice). Because the Court is dismissing on this ground, it need not address the merits of Hodges' claims in his petition.

## C. Certificate of Appealability and Notice of Appeal Rights

This Court's denial of Petitioner's petition is a final decision ending the case. Petitioner may appeal only if he obtains a certificate of appealability. This court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases, provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court does not think a reasonable jurist could debate whether Petitioner's petition was timely under § 2244(d)(1) or whether equitable tolling should apply in this case.

If Petitioner seeks to appeal, he must file a notice of appeal in this Court within 30 days from when judgment is entered. Fed. R. App. P. 4(a)(1). He need not bring a motion to reconsider this decision to preserve his appellate right, but if he wishes the

6

Court to reconsider its judgment, he may file a motion under Fed. R. Civ. P. 59(e) or 60(b). A Rule 59(e) motion must be filed within 28 days of entry of judgment and suspends the deadline for filing an appeal until the motion is ruled on. See Fed. R. Civ. P. 59(e) and Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the motion is ruled on only if the motion is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

## Conclusion

For the reasons explained above, the Court grants Respondent's motion to dismiss [12] and dismisses Petitioner's § 2254 petition [1, 7] as untimely. The petition is dismissed with prejudice, and this Court declines to issue a certificate of appealability. The Clerk is directed to enter a judgment of dismissal in Respondent's favor. Civil case terminated.

E N T E R:

Dated: September 27, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

7